## INJURY OCCURRING A FEW MINUTES AFTER EMPLOYMENT.

Circuit Court of Cuyahoga County.

LOUIS J. DOMINICK v. THE STOWE-FULLER COMPANY.[*]

Decided, February 3. 1908.

*Negligence.*

It is not negligence on the part of an employer to pile sacks of cement in two stable piles and fill in the space between the two piles with other sacks not so securely piled, and an employee who aids in removing the sacks from one of the retaining piles and thus allows the other sacks to fall upon him has no cause of action.

*Kerruish & Kerruish* and *Bemis & Calfee,* for plaintiff in error. *Henry & Couse* and *George S. Kain,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The parties stand in the same relation to each other here as they stood in the court below. The plaintiff was employed by the defendant, which is a corporation, in its place of business in this city. He commenced work on the 16th of May, 1901. He had been working but a few minutes when he was injured, and

---

[*] Affirmed without opinion, *Dominick* v. *Stowe-Fuller Co.,* 83 Ohio State, 464.

because of the injuries he then received he brought suit. He seems to have arranged with the defendant beforehand that he would begin work for them on the day named. On that morning he went to their place of business; he found the foreman or man in charge at the office end of the building and made the inquiry which was made by one in the first century of our era, as we find it recorded in Holy Writ: ''What would'st thou have me to do?'' He was told in answer to this, to go out into the building and there where there was a large number of sacks of cement piled, he should assist the men already there in removing these sacks from the piles and place them in wagons to be hauled away. He reached the place where the sacks were piled a few minutes before the time to begin work; at the proper time he, and two other men who were engaged in the same work, commenced to remove the sacks and put them upon the wagon. The plaintiff had taken two sacks from the pile and placed them on the wagon, and as he was stooping down to pick up the third some sacks in a pile adjacent to the pile at which he was at work fell upon him and injured him, to recover damages for which he brought suit, alleging that the defendant was guilty of negligence which was the direct cause of his injuries; he says that he was in no wise negligent. The defendant answers admitting that it is a corporation, that the plaintiff was in its employ, that he was injured, but denies all negligence on its part and avers negligence on the part of the plaintiff directly contributing to the injury. Plaintiff says the negligence of the defendant consisted in the fact that the pile of sacks was so carelessly and imperfectly constructed, with a view to safety, that said fall was unavoidable, and that said pile was so as aforesaid carelessly constructed under the direction of the defendant's agents, and by its servants, that the officers of said defendant had knowledge of its unsafe and dangerous construction, or ought to have had knowledge thereof.

At the close of the plaintiff's evidence, the court directed a verdict for the defendant, by reason of which the plaintiff says that error has been committed to his prejudice. The bill of exceptions is therefore before us containing all the proceedings

in the court below. From this we learn that in the conduct of the business of the defendant, it had caused two large piles of sacks of cement, each of which weighed about 100 pounds, to be put up, the two piles parallel to each other, and consisting of layers of sacks, the alternate layers being at right angles with each other; that is to say, sacks sufficient for the lower layer of the pile were laid down side by side, the next layer consisting of sacks laid side by side at right angles with those of the first layer and so on alternately until the piles were about six feet high. These sacks were about three feet long, about a foot wide, and were to some degree flattened on the top and bottom by laying probably in the position in which they were piled; they were six or eight inches through from top to bottom as they lay upon the piles.

These two piles were about two feet apart, that is, there was originally a vacant space of about two feet wide between the two piles which have been described. After these had been completed the defendant caused another pile of sacks to be laid in between those two piles. In this last pile spoken of the sacks were all laid in one direction, that is to say, the sacks on the second layer were parallel with the sacks on the first layer, and so on on all the way up, this pile being as high as the other two piles. Before the plaintiff went to work a part of the sacks on one of the original piles had been removed, leaving the third pile still standing to its full height. The plaintiff and the other two men went to work taking sacks from this original pile from which sacks had already been taken, and as has already been said, when the plaintiff bent over to pick up his third sack, the sacks on the pile which was laid between the two original piles fell over upon him and hurt him. We are unable to concur in the claim on the part of the plaintiff that there was negligence on the part of the defendant in piling the sacks of the third pile, because so long as the two original piles stood the third pile was safe from falling; nor can we understand that it was negligent on the part of the defendant to have these piles removed. It is said, however, that it was negligent to remove one of the original piles, leaving the sacks in the third pile unsupported. If

that is so, it would seem to be rather the negligence of those who were removing the sacks than of the defendant. It does not appear that the plaintiff was ordered to remove the sacks from this intermediate pile. He went out to where the work was; it was seven o'clock in the morning in May and it was light enough for him to see the situation without difficulty, if he made any effort to see. He commenced work where the other men were working, and it is said that he had no knowledge that this third pile, a part of which fell over upon him, was piled differently from the pile from which he was taking sacks, but the pile was there in his plain sight. If, by reason of being piled as it was, it was dangerous, the slightest examination or glance indeed would have shown the different manner in which the sacks were piled and would have suggested to a cautious man that the better thing to do would be to take sacks from the pile rather than from the other. So far as appears, the only direction to the plaintiff was to help the other employees remove the sacks and put them in the wagon. Doubtless it would have been the wiser thing to take the sacks from the third or intermediate pile before taking down so many from this supporting pile, so to speak, rather than to leave a considerable height of the third pile unsupported as appears to have been done in this case. So far as it appears the workmen had their choice about this. They saw fit to do as they did. We discover no negligence on the part of the defendant in this respect. The plaintiff testifies that he was accustomed to pile sacks of a similar kind in a nearby place of business; but even if he had not been, it would seem that a novice knowing something of the laws of gravitation would have realized that that third pile of sacks might fall if the sacks at its side were taken away.

We are not prepared to say that there was necessarily negligence on the part of the plaintiff, but we feel that there was no negligence on the part of the defendant, and that being so there was no error on the part of the court in directing a verdict for the defendant.

It is urged further on the part of the plaintiff that the court erred in refusing its offer to pile in the court room sacks of this

cement like those which were being handled by the plaintiff at the time of the accident and pile them in the way in which they were piled in the third pile. This the court declined to do. Viewing the case as we do, no prejudice came to the plaintiff by this refusal of the court, for a description of the way in which the sacks were piled must have given them a clear idea of the situation, and if the piling of the sacks would have tended to show by looking at them that they were likely to fall, then the plaintiff having an opportunity to look at them at the time he was engaged in the work, himself knew of their liability to fall as well as the jury could know by seeing them piled up in the same way. We find no error, therefore, in the action of the court in refusing to allow the sacks to be piled in the court room as requested by the plaintiff and the judgment is affirmed.